# United States District Court, Northern District of Illinois ORIGINAL

| Name of Assigned Judge or Magistrate Judge | Morton Denlow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 2243 | DATE | 11/12/2002 |
| CASE TITLE | Arlillian Harris vs. Jo Anne B. Barnhart | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Enter Memorandum Opinion and Order. Claimant's motion for summary judgment [14-1] is denied and Defendant's motion for summary judgment [16-1] is granted and the Commissioner's decision finding Claimant not disabled is affirmed.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | NOV 1 4 2002 date docketed | 24 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 11/12/2002 | |
| DK | courtroom deputy's initials | 02 NOV 13 PM 4:54 | date mailed notice DK | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ARLILLIAN HARRIS,<br>　　Plaintiff, | )<br>)　Case No. 02 C 2243<br>) |
| v. | )　Magistrate Judge Morton Denlow<br>) |
| JO ANNE B. BARNART,<br>COMMISSIONER OF THE SOCIAL<br>SECURITY ADMINISTRATION,<br>　　Defendant. | )<br>)<br>)<br>) |

**DOCKETED**

NOV 1 4 2002

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

This case comes before the Court for a review of the final decision of Defendant, the Commissioner of Social Security ("Commissioner"), denying minor plaintiff, Arlillian Harris ("Claimant" or "Harris"), Child's Supplemental Security Income ("SSI") benefits under Title XVI of the Social Security Act (the "Act"), 42 U.S.C. § 1382. Harris seeks a continuation of her SSI benefits due to her chronic diabetes mellitus. The Administrative Law Judge ("ALJ") denied continuation of benefits.

Harris seeks judicial review of the Commissioner's final decision. The matter comes before this Court on cross-motions for summary judgment. The issues to be decided are: 1) whether substantial evidence in the record supports the ALJ's finding that Claimant did not medically or functionally equal Listing 109.08B, found in 20 C.F.R. Pt. 404, Subpt. P, App. 1, and 2) whether the Appeals Council erred in failing to change the ALJ's decision. For the reasons set forth below, the Court affirms the Commissioner's decision.



## II. PROCEDURAL BACKGROUND

On May 5, 1995, Harris, through her mother Deborah Bond ("Bond"), applied for SSI benefits, claiming disability due to diabetes mellitus. R. 115-18. On March 13, 1996, the ALJ decided in Harris's favor, backdating her benefits to April 24, 1995. R. 366-72. Due to the passage of the Personal Responsibility and Work Opportunity Reconciliation Act in 1996, the Regional Commissioner of the Social Security Administration reviewed Claimant's case to see if she still qualified for SSI. In July 1997 Claimant was notified that she was no longer eligible to receive SSI because she was no longer considered disabled under the new law. R. 428-431. Bond filed a request for reconsideration of continuation of SSI on November 17, 1997. R. 440-51. Upon reconsideration, the Disability Hearing Officer found the Claimant to be not disabled. R. 465-70.

Bond timely filed a request for a hearing before an ALJ. R. 473. A hearing was held before ALJ Edwin J. Shinitsky on February 19, 1999, and a supplemental hearing was held February 11, 2000. R. 28-63; R. 64-114. Dr. Milford Schwartz testified as a medical expert ("ME") at both hearings. The ALJ rendered his decision denying Claimant continuation of benefits on March 31, 2000. R. 18-26.

Bond filed a request for review of the ALJ's decision by the Commissioner's Appeal Council, which was denied, leaving the ALJ's decision the final decision of the Commissioner. R. 11-13. Bond then filed a request for judicial review pursuant to 42 U.S.C. § 405(g), which is currently before this Court.

## III. STANDARD OF REVIEW

Judicial review of a Commissioner's final decision is governed by 42 U.S.C. § 405(g), which provides that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." An ALJ's decision becomes the Commissioner's final decision if the Appeals Council denies a request for review. *Wolfe v. Shalala*, 997 F.2d 321, 322 (7th Cir. 1993). Under such circumstances, the decision reviewed by the district court is the decision of the ALJ. *Eads v. Secretary of the Dept. Of Health & Human Serv.*, 983 F.2d 815, 816 (7th Cir. 1993). A reviewing court may not decide facts anew, reweigh the evidence, or substitute its own judgment for that of the Commissioner. *Knight v. Chater*, 55 F.3d 309, 313 (7th Cir. 1995).

Judicial review is limited to determining whether the ALJ applied the correct legal standards in reaching its decision and whether there is substantial evidence in the record to support his findings. *Schoenfeld v. Apfel*, 237 F.3d 788, 792 (7th Cir. 2001); 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The court may reverse the Commissioner's decision only if the evidence "compels" reversal, not merely because the evidence supports a contrary decision. *INS v. Zacarias*, 502 U.S. 478, 481, n.1 (1992). The Act gives a court the power to enter a judgment "affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

## IV. DISCUSSION

### A. ESTABLISHING A DISABILITY.

On August 22, 1996, Congress enacted the Personal Responsibility and Work Opportunity Reconciliation Act of 1996 ("PRWORA"), which amended the statutory standard for children seeking SSI benefits based on disability. *See* § 211(a) of Pub. L. 104-193, 110 Stat. 2105, 2188-89 (codified at 42 U.S.C. § 1382c(a)(3)(C)). Prior to enactment of Pub. L. 104-193, a child was considered disabled if he or she had a medically determinable physical or mental impairment that met the statutory duration requirement and was "of comparable severity" to an impairment that would disable an adult. 42 U.S.C. § 1382c(a)(3)(A) (1994); 20 C.F.R. § 416.924 (1996). The PRWORA revised this standard to one under which a child seeking SSI benefits based on disability will be found disabled if he or she has a medically determinable impairment that meets the statutory duration requirement and results in "marked and severe functional limitations." 42 U.S.C. § 1382c(a)(3)(C).

The PRWORA made other changes to the disability determination process for children. These changes include the elimination of the Individualized Functional Assessment under the Social Security Administration's prior rules, *see* 20 C.F.R. 416.924d, 416.924e (1996), and the deletion of references to "maladaptive behavior" from specified sections of the SSA's Listing of Impairments contained in 20 C.F.R. Part 404, Subpart P, Appendix 1. *See* §§ 211(b)(1) and (b)(2) of Pub. L. 104-193, 110 Stat. at 2189. The PRWORA requires

a greater showing from an SSI disability claimant because the new standard and its accompanying regulations are more stringent. *Scott v. Barnhart*, 297 F.3d 589, 594 (7th Cir. 2002). The PRWORA directed the Agency to redetermine, within one year after the date of enactment, the eligibility of individuals who were eligible for SSI based on disability under the old standard.

## B. THREE-STEP PROCESS.

The Act provides a sequential three-step process to determine whether the juvenile claimant has established a "disability." 20 C.F.R. § 416.924 (2001). The first step is to determine whether the claimant is engaged in substantial gainful activity. 20 C.F.R. § 416.924(b). If so, the inquiry stops and the claimant is considered not disabled, and if not, the inquiry proceeds. The second step is to determine whether claimant has a severe impairment or combination of impairments that cause more than a minimal functional limitation. 20 C.F.R. § 416.924(c). If the claimant has more than a minimum functional limitation, the inquiry proceeds. The final step involves a determination of whether the claimant has a condition that meets, medically equals, or functionally equals an impairment listed in 20 C.F.R. Part 404, Subpt. P, App. 1 (the "Listings"). 20 C.F.R. §416.924(d).

If the ALJ decides, as he did in this case, that a claimant's impairment does not meet or exceed the Listings, then he must view the record as a whole in order to determine whether the impairment is "functionally equal" to any listed impairment. 20 C.F.R. § 416.926a. Any functional limitations resulting from the claimant's impairment or impairments are compared

with the disabling functional limitations of any listed impairment. 20 C.F.R. § 416.926a(a) and (b). An impairment is functionally equivalent to a listed impairment if it results in "'marked' limitations in two domains of functioning or an 'extreme' limitation in one domain." 20 C.F.R. § 416.926a(a). There are six domains of functioning: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)-(l)(i)-(vi). The domains were worded slightly differently in 2000 when the ALJ decided this case.[1]

## C. THE ALJ DECISION.

ALJ Shinitsky applied the sequential three-part test. First, the ALJ found that Harris was not engaged in substantial gainful activity: she was attending school and not working for profit. R. 25. He also found that Harris has the impairments of juvenile diabetes Type I, ketoacidosis, hypoglycemia, and hyperglycemia, all of which are severe. *Id.* Applying the third part of the test, ALJ Shinitzky found that Harris's diabetes did not meet the requirements of Listing 109.08B or 109.12, which address the frequency of hypoglycemia necessary to qualify for SSI under the third test.[2] *Id.* He came to this conclusion by

---

[1] Instead of the six categories listed in today's 20 C.F.R. 416.926a(b)(l), the five developmental categories used under the 2000 listings were cognition/communication, motor, social, personal, and concentration, persistence, and pace. 20 C.F.R. 416.926(c)(4) (2000).

[2] Listing 109.08 requires:
*Juvenile diabetes mellitus (as documented in 109.00C) requiring parenteral insulin.* And one of the following, despite prescribed therapy:
A. Recent, recurrent hospitalizations with acidosis; or

6

discussing and adopting the opinion of Dr. Schwartz, the medical expert ("ME"). R.23. After examining the Claimant's records, Dr. Schwartz opined that Claimant's diabetes did not meet the requirements of the listings. R. 38. Claimant's treating physician, Dr. Richard Levy, was not present at either hearing and did not opine whether Claimant met the listings.

The ALJ then determined that the Claimant's impairments are not functionally equivalent to any of the listings, indicating that Claimant's functional limitations are less than "marked." R. 23. The ALJ found that Claimant maintains a broad range of activities of daily living, including social activities, academic accomplishments, and interests in sports. R. 25.

The Claimant raises three arguments on appeal. First, she contends that she met the listing by reason of recurrent episodes of hypoglycemia. Second, she contends the ALJ failed to consider all the evidence or articulate the grounds for decision. Finally, she asserts the Appeals Council erred in denying review.

---

    B. Recent, recurrent episodes of hypoglycemia; or
    C. Growth retardation, as described under the criteria in 100.02 A or B; or
    D. Impaired renal function as described under the criteria in 106.00ff.

Listing 109.12 requires:
  *Hypoglycemia (as documented in 109.00C)*. With recent, recurrent hypoglycemic episodes producing convulsion or coma.

## D. THERE IS SUBSTANTIAL EVIDENCE IN THE RECORD SUPPORTING THE ALJ'S DECISION TO DENY BENEFITS.

### 1. The Claimant Did Not Meet the Listing in 109.12 or 109.08B.

The ALJ considered all of the evidence of record and reasonably concluded that, while Claimant's diabetes was severe, it did not meet the criteria of any listed impairment. R.25. The ALJ specifically considered listing 109.08B, and reasonably adopted Dr. Schwartz's testimony that Claimant's hypoglycemic episodes were not of the frequency and severity contemplated by the listing, which would establish presumptive disability. R. 22-23. Dr. Schwartz's testimony provided substantial evidence supporting the ALJ's conclusion that Claimant did not have listing-level diabetes. *See* 20 C.F.R. § 416.927(f)(2) (ALJs consider the opinions of medical experts consulted to determine the nature and severity of impairments); *see* also, *Anderson v. Bowen*, 868 F.2d 921, 925 (7th Cir. 1989) (uncontradicted consulting physicians' conclusions that claimant did not meet listings constitutes substantial evidence in support of conclusion).

There is no evidence in the record to suggest that Claimant could meet listing 109.12, because the Claimant does not claim to have suffered convulsions or a coma, as 109.12 requires. The Claimant may meet the listing of 109.08B, however, by having diabetes mellitus and "[r]ecent, recurrent episodes of hypoglycemia." The listing does not give a numerical blood sugar reading below which a claimant will be considered to have hypoglycemia, nor does it define "recurrent."

Claimant argues that the ALJ improperly concluded she did not meet listing 109.08B. Claimant cites no medical opinion, but argues that the definition of hypoglycemia, taken from a medical dictionary, undermines the medical expert's conclusion that Claimant did not meet a listing. Claimant's contention is contradicted by the medical opinion of Dr. Schwartz, the medical expert, who testified at two separate hearings and answered interrogatories. R. 37-38, 40, 42, 91. Moreover, Claimant's contention is further undermined by the opinion of Dr. Gwendolyn White, the state agency medical consultant who reviewed the medical evidence and concluded Claimant did not have an impairment of listing level severity. R. 423-27. *See* 20 C.F.R. § 416.927(f)(2)(i) (State agency medical consultants are "highly qualified physicians ... who are also experts in Social Security disability evaluation.")

Claimant cites her own home blood sugar readings and argues that they demonstrate that she met the requirements of listing 109.08B for hypoglycemia. In Claimant's opinion, these readings alone establish that she met the requirements of that listing. However, the results of Claimant's home blood sugar monitoring alone are not adequate to establish an impairment of listing level severity. Her reliance on her home blood sugar monitoring and lack of corroborating medical evidence is undermined by Dr. Schwartz's testimony that Claimant's daily blood sugar readings were "not that accurate" R. 45. An ALJ may not "play doctor." *Rohan v. Chater*, 98 F.3d 966, 971 (7th Cir. 1996). He must instead rely on those with medical expertise to interpret the validity of testing results. His reliance on the ME to interpret this home testing data was not misplaced. While he acknowledged that Claimant

had occasional readings below 50, he testified that blood sugar readings below 60 were not problematic since people typically have blood sugars in the 50's without problems. R. 49-50. A blood sugar reading of 56 did not necessarily mean anything more than the person was hungry. R. 50. Claimant's home blood sugar readings do not satisfy the listing because they are not "diagnostic laboratory data" that is "provided by the testing laboratory," and they contain no information as to the "normal values for that test." 20 C.F.R. Part 404, Subpt. P, App. 1, Rule 109.00C. Thus, Plaintiff's home blood sugar readings are insufficient to establish she met the requirements of listing 109.08B.

In order to meet an impairment under listing 109.00, the listing which contains juvenile diabetes, Claimant bore the burden of proving that her diabetes had persisted or had been expected to persist despite prescribed therapy for a continuous period of 12 months. 20 C.F.R. Part 404, Subpt. P, App. 1, Rule 109.00. Further, in order to meet listing 109.08B, Claimant was required to prove that her diabetes was documented as required under section 109.00C. 109.00C contains the documentation requirements for meeting any impairment listed under 109.00 and includes the following: description of characteristic history, physical findings and diagnostic laboratory data. *Id.* Here, even if Claimant's home blood sugar readings were accurate, Plaintiff has failed to show or demonstrate that she had the characteristic history or diagnostic laboratory data necessary to meet the listing.

Under listing 109.00C, diagnostic laboratory data must be included in the record for Claimant to meet her burden of proof:

> *Documentation.* Description of characteristic history, physical findings, and diagnostic laboratory data must be included. Results of laboratory tests will be considered abnormal if outside the normal range or greater than two standard deviations from the mean of the testing laboratory. Reports in the file should contain the information provided by the testing laboratory as to their normal values for that test.

20 C.F.R. Part 404, Subpt. P, App. 1. Claimant has produced only one hospital measurement of hypoglycemia. On December 10, 1997, St. Bernard Hospital measured Harris's blood sugar at 31. R. 514. Nowhere does she present the normal values for the test, nor do we know if the values in her blood sugar are two or more standard deviations from the norm.

Claimant notes that she had three occasions where she required emergency room treatment for hypoglycemia. However, Dr. Schwartz testified that Claimant's diabetes was controlled, at least since April 1998. R. 90. Claimant made a visit to a hospital emergency room on April 22, 1998, where she was diagnosed with hypoglycemia, but no blood sugar reading is found in the documentation of that visit. R. 595. The ME states that "in 1997 it is clear that [Claimant] had two severe episodes of hypoglycemia and appears to have had another one at least sufficient enough to bring her to a hospital in 1998." R. 97. These visits to the hospital may be considered not "recent" enough to meet the Listings.

Dr. Schwartz's testimony is supported by Claimant's own admission that she didn't "feel that because of my diabetes I need special attention." R. 83. Indeed, at her February

11

1999 hearing, Claimant testified that the last time she had a problem with low blood sugar, where she had to either leave the classroom, see the nurse, or even drink orange juice during class, occurred "about two years ago." R. 81. Claimant was unable to recall the last time she told her teacher she was not feeling well, and she admitted she did not have a situation in her classroom, between April 1998 and her February 1999 hearing, where she felt she needed some attention for her condition. R. 83. Dr. Levy also reported no limitations and recommended no changes in Claimant's lifestyle as a result of diabetes. R. 332, 348-51. This evidence further undermines her contention that she met the listing for diabetes and provides further support for Dr. Schwartz's testimony.

### 2. The ALJ Properly Articulated His Findings.

The duty of this Court is not to reweigh the evidence presented, but is instead limited to finding whether the ALJ applied the correct legal standard and whether there is substantial evidence in the record to support his finding. *Schoenfeld v. Apfel*, 237 F.3d 788, 792 (7th Cir. 20001).

The ALJ must examine evidence favoring both the Claimant and the Commissioner in these cases. *Bauzo v. Bowen*, 803 F.2d 917, 923 (7th Cir. 1986). The ALJ considered Dr. Schwartz's uncontradicted testimony in making his decision. The ALJ must write his decision so that a reviewing court may decide whether or not he considered all the avenues of evidence, as *Bauzo* requires. *Zurawski v. Halter*, 245 F.3d 881, 888 (7th Cir. 2001). Claimant urges that since the ALJ did not explain why he was not giving the home tests

enough weight to balance the opinion of the ME, that he did not meet the *Zurawski* standard. The ALJ summarized the evidence and adopted the ME's medical opinion in his holding. The ALJ's decision represents a well-reasoned discussion of the evidence supported by the evidence and the opinion of the ME.

### 3. The Appeals Council Did Not Err in Finding That the Additional Evidence Submitted Was Insufficient to Change the ALJ's Decision.

The Appeals Council will only review an ALJ decision based on new evidence "if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record."[3] The Claimant in this case submitted twenty-eight pages of numbers, written by handwriting as additional evidence. The Appeals Council considered the request for review. R. 11-13. After evaluating the entire record, it concluded

---

[3] 20 C.F.R. § 416.1470. Cases the Appeals Council will review:

(a) The Appeals Council will review a case if–
(1) There appears to be an abuse of discretion by the administrative law judge;
(2) There is an error of law;
(3) The action, findings, or conclusions of the administrative law judge are not supported by substantial evidence; or
(4) There is a broad policy or procedural issue that may affect the general public interest.
(b) In reviewing decisions based on an application for benefits, if new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it related to the period on or before the date of the administrative law judge hearing decision. In reviewing decision other than those based on an application for benefits, the Appeals Council shall evaluate the entire record including any new and material evidence submitted. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the law.

13

"that neither the contentions nor the additional evidence provides a basis for changing the Administrative Law Judge's decision." R. 11. This Court agrees that the new evidence did not require the Appeals Council to modify the ALJ's decision.

## VI. CONCLUSION

This record supports the ALJ's determination that Claimant is not disabled. This conclusion is supported by the medical evidence of record, the testimony of the ME, and Claimant's own testimony. **As a result, Claimant's motion for summary judgment is denied and Defendant's motion for summary judgment is granted and the Commissioner's decision finding Claimant not disabled is affirmed.**

**SO ORDERED THIS 12th DAY OF NOVEMBER, 2002.**

_____
**MORTON DENLOW**
**United States Magistrate Judge**

**Copies Mailed To:**

Robert C. Kielian
M. Jacqueline Walther
Kielian and Walther
33 West Jackson Blvd.
Suite 201
Chicago, Illinois 60604
Attorneys for Plaintiff

Curt P. Marceille
Special Assistant United States Attorney
Office of the Chief Counsel
Social Security Administration
200 W. Adams St., 30th Floor
Chicago, Illinois 60606
Attorney for Defendant

# United States District Court
## Northern District of Illinois
### Eastern Division

Arlillian Harris

v.

Jo Anne B. Barnhart

**JUDGMENT IN A CIVIL CASE**

Case Number: 02 C 2243

☐ Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■ Decision by Court. This action came to hearing before the Court. The issues have been heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that Claimant's motion for summary judgment is denied and Defendant's motion for summary judgment is granted and the Commissioner's decision finding Claimant not disabled is affirmed.

Michael W. Dobbins, Clerk of Court

Date: 11/12/2002

_Donna Kuempel_
Donna Kuempel, Deputy Clerk